UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ASHLI WATTS,<br><br>  Plaintiff,<br><br>  v.<br><br>GATEWAY PUBLIC SCHOOLS,<br><br>  Defendant. | Case No. 24-cv-09417-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 14 |

## INTRODUCTION

Plaintiff Ashli Watts sued her former employer, Gateway Public Schools, alleging retaliation and termination due to her pregnancy leave and complaints about race and pregnancy discrimination, in violation of state and federal law, and seeking punitive damages (among other remedies).[1] Gateway — a public-charter school and a nonprofit public-benefit corporation[2] — argues that as a public entity, it is not liable for punitive damages or subject to a claim for wrongful

---

[1] Compl. – ECF No. 1 at 2 (¶¶ 5–6), 17–22 (¶¶ 156–201). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* (¶ 12) (public charter school); Inc. Docs., Exs. 1–2 to Req. for Jud. Notice – ECF No. 14-2 at 4–8. The request for judicial notice is unopposed. Opp'n – ECF No. 18 at 12 (acknowledging that Gateway is a nonprofit public-benefit corporation). The court judicially notices the public records. *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

ORDER – No. 24-cv-09417-LB

termination in violation of public policy.[3] The plaintiff agrees that public entities are not liable for punitive damages or the wrongful-termination claim but disputes that Gateway is a public entity.[4] Because Gateway is a public entity under California law, the court grants the motion to dismiss.[5]

### LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of (1) what the claims are and (2) the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[a] complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016).

Because the parties do not dispute the relevant facts, the motion turns on whether the plaintiff's theory is legally cognizable. If a court dismisses a complaint because its legal theory is not cognizable, the court should not grant leave to amend. *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

### ANALYSIS

Public entities — such as the state, counties, cities, public authorities, political subdivisions, and public corporations — are not liable for *Tameny* claims of wrongful termination in violation of public policy. Cal. Gov't Code § 811.2 (defining public entities); *Miklosy v. Regents of the Univ. of Cal.*, 44 Cal. 4th 876, 898–900 (Cal. 2008) (citing *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167 (Cal. 1980) (defining claim for a discharge that violates fundamental principles of public policy)). Public entities also are not liable for punitive damages. Cal. Gov't Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil

---

[3] Mot. – ECF No. 14 at 1–2.
[4] Opp'n – ECF No. 18 at 12–15.
[5] The court has federal-question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367. All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c). Consents – ECF Nos. 5, 11.

Code [exemplary damages] or other damages imposed primarily for the sake of example and by way of punishing the defendant."); *Lozada v. City & County of San Francisco*, 145 Cal. App. 4th 1139, 1160 n.10 (2006); *Thomas v. Excelsior Educ. Ctr.*, No. EDCV 10213 PSG (OPx), 2010 WL 11596137, at *3–4 (C.D. Cal. Nov 9, 2010) (collecting cases); *Chappell v. City of Pittsburg*, No. C 04-4400 SI, 2005 WL 756617, at *5 (N.D. Cal. Mar. 25, 2005); *Minkley v. Eureka City Sch.*, No. 17-CV-3241-PJH, 2017 WL 4355049, at *9 (N.D. Cal. Sept. 29, 2017).

The parties agree that the claim for wrongful termination in violation of public policy and the request for punitive damages are not cognizable if Gateway is a public entity but dispute whether it is. Gateway is a public charter school and a nonprofit public-benefit corporation.[6] It argues that, by statute, charter schools are part of the public-school system.[7] The plaintiff concedes that charter schools are part of the public-school system but argues that they are not public entities.[8]

Charter schools are part of the public-school system, as provided by statute:

(a) The Legislature finds and declares all of the following:

   (1) Charter schools are part of the Public School System, as defined in Article IX of the California Constitution.

   (2) Charter schools are under the jurisdiction of the Public School System and the exclusive control of the officers of the public schools, as provided in this part.

   (3) Charter schools shall be entitled to full and fair funding, as provided in this part.

(b) This part shall be liberally construed to effectuate the findings and declarations set forth in this section.

Cal. Educ. Code § 47615.

Gateway cites two cases to support that it is a public entity. The first is *United National Maintenance, Inc. v. San Diego Convention Center, Inc.*, which held that a nonprofit public-benefit corporation was a public entity. 766 F.3d 1002, 1005, 1012 (2014). The second is *Thomas*, which held that a California charter school was a public entity under Cal. Gov't Code § 811.2.

---

[6] Compl. – ECF No. 1 at 2 (¶ 12) (public charter school); Inc. Docs., Exs. 1–2 to Req. for Jud. Notice – ECF No. 14–2 at 4–8.

[7] Mot. – ECF No. 8 at 8–9.

[8] Opp'n – ECF No. 18 at 14.

2010 WL 11596137, at *3–4. *United* involved a corporation wholly owned by a city, unlike the charter school here, and is not dispositive. *Thomas* is persuasive but not binding authority.

In *United*, the Ninth Circuit recognized that a nonprofit public-benefit corporation was a public entity. San Diego created the corporation under statutory authority to construct convention halls, chose the board, and funded it. By statute, revenues from the corporation's operations funded expenses, with remaining receipts going to the city's general fund. 766 F.3d at 1005 (citing Cal. Gov't Code § 37505). *United* provides context: a nonprofit public-benefit corporation is a public entity when the government creates it under statutory authority, appoints the board, and controls its funds. But it does not mandate that any public-benefit corporation is a public entity. *See, e.g.*, *Hagman v. Meher Mount Corp.*, 215 Cal. App. 4th 82, 87–88 (2013) (a religious organization, a private-benefit corporation, was not a public entity immune from adverse possession); *L.A. Leadership Acad., Inc. v. Prang*, 146 Cal. App. 5th 270, 291 (2020) (charter school was not a public entity immune from property taxes or assessments).

*Thomas*, which involved a former teacher's discrimination claims against a charter school, is persuasive authority. It held that Excelsior Education Center, a charter school like Gateway, was a public entity under Gov't Code § 811.2, barring punitive damages:

> Excelsior is a 'public entity' within the meaning of Government Code section 811.2, and it is this definition which controls the limitations on punitive damages discussed in section 818. Because 'punitive damages are not available against a public entity pursuant to section 818,' *see Lozada v. City & County of San Francisco*, 52 Cal. Rptr. 3d 209, 221 (Ct. App. 2006); *Curcini v. County of Alameda*, 79 Cal. Rptr. 3d 383, 391 (Ct. App. 2008), Excelsior's motion to dismiss the punitive damages allegations is granted.

*Thomas*, 2010 WL 11596137, at *1, 4 (quoting *Dubose v. Excelsior Educ. Ctr.*, No. EDCV 10-0214 GAF (OPx), 2010 WL 11556752, at *14 (C.D. Cal. Sept. 22, 2010)).[9] *Dubose* barred punitive damages and the teacher's *Tameny* claim against Excelsior for wrongful termination in

---

[9] The plaintiff dismisses *Thomas* because the plaintiff there conceded that the charter school was not subject to punitive damages. Opp'n – ECF No. 18 at 13. *Thomas* addressed the dispute anyway. The *Thomas* plaintiff misunderstood the charter school's governing structure, conceding that the charter school itself was not subject to punitive damages but arguing that its parent corporation was. There was no separate corporate entity. The *Thomas* court recognized the inconsistent argument, addressed the dispute, and held that punitive damages were not available.

violation of public policy. 2010 WL 11556752 at *11–12, 14 (distinguishing *Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1214 (2006), the case the plaintiff primarily relies on[10]).

In *Wells*, the plaintiffs sued charter schools, charter-school operators, and chartering school districts for failing to deliver legally required instructional services, equipment, and supplies for home schooling. 39 Cal. 4th at 1178–79. An issue was whether the plaintiffs needed to exhaust remedies before bringing a qui tam claim under California's False Claims Act, Cal. Gov't Code § 12651–12652, against the charter-school defendants. California's Tort Claims Act requires presentment of claims within six months of accrual to the state or local public entities as a precursor to certain claims for money damages.[11] *Id.* at 1213–14; Cal. Gov't Code § 905.2 (state); *id.* § 905 (local public entities); *id.* § 945.4 (precursor to money damages); *id.* § 911.2 (six-month rule).

*Wells* never reached the issue of whether the charter schools were local public entities because it concluded that False Claims Act claims need not be exhausted under the Torts Claims Act. *Id.* at 1214. But in dictum, it observed that charter schools were part of the public-school system and, for specified purposes, were deemed school districts. 39 Cal. 4th at 1214. Those purposes did not expressly include coverage under the Torts Claims Act. *Id.* For purposes of the Tort Claims Act, charter schools did not fit comfortably within any of the categories defined as "local public entities." *Id.*; *see id.* at 1180 (charter schools have significant autonomy in their academic approach but must meet educational standards, employ credentialed teachers, and are overseen by a chartering entity, usually a school district).

Concluding that the *Wells* dictum — charter schools have characteristics of private organizations and public entities — provided insufficient guidance, *Dubose* examined a district-court decision dismissing 42 U.S.C. § 1983 claims against a charter school and its administrator in her official capacity as barred by the Eleventh Amendment, concluding that the charter school was a public entity. 2010 WL 11556752 at *11–12 (analyzing *Doe ex rel. Kristen D. v. Willits Unified Sch. Dist.*, No. C 09-03655, 2010 WL 890158, at *3, 6–7 (N.D. Cal. Mar. 8, 2010)).

---

[10] Opp'n – ECF No. 18 at 12.

[11] The plaintiff here exhausted her administrative remedies. Compl. – ECF No. 1 at 16 (¶¶ 151–55).

*Kristen D.* applied the now-superseded *Mitchell* factors — whether a money judgment would be paid from state funds, whether the entity performed central government functions, whether the entity could sue or be sued, whether the entity had power to take property in its own name or only the name of the state, and the entity's corporate status — and held that the Eleventh Amendment barred the § 1983 claims because the plaintiff conceded the other factors, a money judgment would be paid from state funds, and the charter school performed a central government function. 2010 WL 890158, at *6–7 (applying *Mitchell v. L.A. Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988), *abrogated by Kohn v. State Bar of Cal.*, 87 F.4th 1021 (9th Cir. 2023) (en banc)); *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992) (school districts are arms of the state for Eleventh Amendment purposes). The *Dubose* court followed this analysis and concluded that the charter school was a public entity not subject to a *Tameny* claim or punitive damages. 2010 WL 11556752 at *12, 14. This analysis is persuasive: all factors are present here.

The new Eleventh Amendment test — focusing on the state's intent as to the entity's status, including the functions performed by the entity, the state's control over the entity, and the entity's overall effects on the treasury — supports this conclusion. *Kohn*, 87 F.4th at 1031–32 (noting that the new test "is unlikely to lead to different results in cases that previously applied the *Mitchell* factors and held an entity entitled to immunity"). Statutorily, charter schools are part of the public-school system, are under the system's jurisdiction and the exclusive control of the officers of the public schools, and are entitled to full and fair funding. Cal. Educ. Code § 47615. That control — under *Thomas*, *Dubose*, and *United* — supports the conclusion that Gateway is a public entity.

The plaintiff cites cases that do not alter this conclusion. *Hagman* involved a religious organization that did not exercise government functions and thus was not a public entity immune from adverse possession. 215 Cal. App. 4th at 87–88. *Prang* addressed a charter school's failed challenge to property taxes, where the exception for school districts was meant to prevent one tax-supported entity from siphoning tax money from another. 46 Cal. App. 5th at 281. *Alliance Marc* involved free-speech challenges by charter schools to state agency action under Cal. Gov't Code §§ 3550–3553, which prohibits deterring union membership. The court found no legislative intent that charter schools were deemed school districts for purposes of asserting privileges or immunities

under the federal or California constitutions. *All. Marc & Eva Stern Math & Sci. High Sch. v. Pub. Emp. Rels. Bd.*, 107 Cal. App 5th 930, 941–42, 955–57 (2024) (nonetheless rejecting the plaintiffs' constitutional claims; the Legislature treats charter schools as public school districts for certain purposes but not all).

The court dismisses the *Tameny* claim and the request for punitive damages.[12]

## CONCLUSION

The court grants the motion to dismiss the *Tameny* claim (claim eight) and the request for punitive damages. Because the legal theory is not cognizable, the dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated: July 2, 2025

LAUREL BEELER
United States Magistrate Judge

---

[12] The plaintiff otherwise pleaded punitive damages sufficiently. Gateway contends only that the plaintiff did not plead motive and intent to injure. Mot. – ECF No. 14-1 at 9. The plaintiff counters that she alleged a pattern of harassment, discrimination, retaliation, and termination by managerial employees. Opp'n – ECF No. 18 at 18. The allegations in the complaint — about pregnancy, tokenism and fixation on the plaintiff's race, her isolation, racist comments, work conditions, complaints, retaliation for complaints, and the ultimate termination — are enough for an inference of bad motive. Compl. – ECF No. 1 at 2–16 (¶¶ 11–150). The issue is moot because the court dismissed the request for punitive damages but otherwise would be more amenable to addressing at summary judgment.